## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

UNITED STATES ex rel. CARLO SANTA ANA,

                Plaintiff,

-vs-                                Case No.  6:10-cv-806-Orl-28GJK

WINTER PARK UROLOGY
ASSOCIATES, P.A., RADIATION
ONCOLOGY CONSULTANTS, P.A.,
STEVEN G. LESTER, M.D., JOHN D.
LOOPER, M.D., AND MANEESH
GOSSAIN, M.D.,

                Defendants.
_____

## ORDER

This *qui tam* action under the False Claims Act ("FCA") is before the Court on the motions to dismiss (Docs. 11 & 24) filed by the Defendants.  The Defendants argue that the relator, Carlo Santa Ana ("the Relator"),[1] has failed to satisfy the requirements of Federal Rule of Civil Procedure 9(b) for pleading fraud.  Defendants Radiation Oncology Consultants, P.A., Steven G. Lester, John D. Looper, and Maneesh Gossain (collectively "the ROC Defendants") additionally argue that the Relator has not alleged that any of them submitted a false claim—only that the other Defendant, Winter Park Urology Associates, P.A. ("WPU"), did so.  However, as set forth below, these arguments are rejected.

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain

_____

[1]The United States has declined to intervene in this case.  (<u>See</u> Doc. 2).

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citations and internal quotations omitted) (alteration in original). Rule 9(b)'s particularity requirement applies to FCA actions. Id. (citing United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308-09 (11th Cir. 2002)). Thus, in such actions, "some indicia of reliability must be given in the complaint to support the allegation of *an actual false claim* for payment being made to the Government." Clausen, 290 F.3d at 1311.

Although Defendants challenge the specificity of the Relator's allegations, the Relator has described in extensive detail several types of fraudulent activities allegedly engaged in by the Defendants, including billing practices, failure to supervise radiation therapy procedures, improper self-referrals, and submission of Medicare claims for such services.

"Medicare claims may be false if they claim reimbursement for services or costs that either are not reimbursable or were not rendered as claimed." United States ex rel. Walker v. R&F Props. of Lake Cnty., Inc., 433 F.3d 1349, 1356 (11th Cir. 2005).  The Amended Complaint's allegations also sufficiently allege "knowledge" by the Defendants and facts supporting such knowledge as required for FCA liability.[2]

The Relator has set forth a basis for his personal knowledge of the events at issue, and this provides the required "indicia of reliability" of his allegations.  See, e.g., United States ex rel. Hill v. Morehouse Med. Assocs., Inc., No. 02-14429, 2003 WL 22019936, at *5 (11th Cir. Aug. 15, 2003) (noting that because the relator "was an employee within the billing and coding department and witnessed firsthand the alleged fraudulent submissions, her factual allegations provide the indicia of reliability that is necessary").  And, although the ROC Defendants argue that the Relator has not alleged that they—rather than WPU—presented claims to the Government as required for FCA liability, the Relator aptly notes that he has alleged that, and described how, the ROC Defendants *caused* such claims to be presented, which is conduct that is also proscribed by the FCA.[3]  Additionally, the Relator has sufficiently alleged that he engaged in protected activity to state an FCA

---

[2]The FCA provides that "the terms 'knowing' and 'knowingly'—(A) mean that a person, with respect to information—(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information and (B) require no proof of specific intent to defraud."  31 U.S.C. § 3729(b)(1).

[3]The FCA provides in part that "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . is liable . . . ."  31 U.S.C. § 3729(a)(1)(A).

retaliatory termination claim against WPU in Count II.

Accordingly, it is **ORDERED** that the motions to dismiss (Docs. 11 & 24) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 7th day of February, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

-4-