**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES ex rel. CARLO SANTA ANA,**
          **Plaintiff,**

**-vs-**                                           **Case No. 6:10-cv-806-Orl-28TBS**

**WINTER PARK UROLOGY ASSOCIATES, P.A., RADIATION ONCOLOGY CONSULTANTS, P.A., STEVEN G. LESTER, M.D., JOHN D. LOOPER, M.D., and MANEESH GOSSAIN, M.D.,**
          **Defendants.**

_____

## ORDER

In this *qui tam* action under the False Claims Act ("FCA"), one of the Defendants, Winter Park Urology Associates, P.A. ("WPU"), has filed a seven-count Counterclaim (Doc. 49) against the Relator, Carlo Santa Ana ("the Relator"). The Relator has moved to dismiss all seven counts. (Doc. 54). Since the filing of the Relator's motion, WPU, with the Relator's consent, moved to voluntarily dismiss Counts III, IV, V, and VI of its Counterclaim, (Doc. 83), and that motion has been granted, (Order, Doc. 85). Thus, only Counts I, II, and VII remain pending.

### I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## II. Analysis

### A. Count I

In Count I, WPU alleges breach of fiduciary duty. However, as the Relator correctly argues, Count I does not state what acts WPU is contending amount to a breach of fiduciary duty by the Relator. Instead, WPU conclusorily alleges that the Relator "failed to exercise diligence and good faith in matters relating to his employment" and "breached his duty of allegiance" to WPU. (Answer and Countercl., Doc. 49, ¶ 37).

Because it is not sufficiently stated, Count I will be dismissed. However, this dismissal will be without prejudice, and WPU will be granted leave to amend this count.

### B. Count II

WPU brings a breach of contract claim in Count II. WPU alleges that the employment contract between it and the Relator required the Relator to repay a prorated portion of relocation expenses if he did not remain employed at WPU for three years. (See Doc. 49 ¶ 40). However, as noted by the Relator, the employment contract—which WPU attached to its Counterclaim—states: "Should you [the Relator] terminate your employment . . . within three (3) years from your official start date, we [WPU] will expect a prorated payment of the Relocation costs . . . ." (Ex. 1 to Doc. 49, at 1). The "Employment Offer Detail" also included

with that attachment similarly states: "Should you [the Relator] terminate employment within three (3) years, a prorated repayment of [moving expenses and temporary housing allowance] will be made by you to [WPU]."  (Id. at 2).

The Relator argues that this count fails to state a cause of action because the employment contract documents only require repayment if he terminated his employment—not if WPU terminated it—and it is undisputed that the Relator did not terminate his employment.  WPU asserts that the contract is ambiguous and does not expressly state that repayment is due only if the Relator terminated the employment relationship.

The Court agrees with the Relator that the contract language is plain and only requires repayment if the Relator terminated the employment relationship.  The paragraph of the employment letter preceding the "[s]hould you terminate" language provides: "If you choose to accept this offer, you, of course will remain free to leave employment at any time for any reason and [WPU] will have the same right to end the employment relationship. This letter does not change the employment-at-will relationship or obligate you or the hospital to continue the relationship for any period of time."  (Id. at 1).  Thus, the agreement plainly refers to the Relator having the right to leave and WPU having the right to end the relationship; in the repayment portion, however, the agreement refers only to the circumstance of the Relator terminating the employment relationship.  Because it is undisputed that WPU terminated Relator, Count II fails to state a cause of action for breach of contract and shall be dismissed.

C.  Count VII

-3-

WPU brings a claim of malicious prosecution in Count VII. This claim is based on the underlying suit brought by the Relator, and WPU concedes that this claim "can not be adjudicated until after a determination has been made as to liability in the current case." (Doc.63 at 2). WPU thus does not object to this claim being dismissed without prejudice at this time. (See id.). Accordingly, this count will be dismissed without prejudice.

### D. Supplemental Jurisdiction

The Relator also argues in his motion that WPU's claims are not "part of the same case or controversy" as the main case as required by the supplemental jurisdiction provisions of 28 U.S.C. § 1367. However, as noted by WPU, Count II of the Relator's Amended Complaint (Doc. 5) is a claim for retaliatory termination of employment, and the claims of WPU that are at issue are related to the Relator's employment. The Relator's arguments regarding supplemental jurisdiction are not well-taken.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Relator's Motion to Dismiss Counterclaims (Doc. 54) is **GRANTED with prejudice in part**, **GRANTED without prejudice in part**, **DENIED in part**, and **DENIED as moot in part**. The motion is **GRANTED with prejudice** insofar as it pertains to the breach of contract claim in Count II; that count is **DISMISSED with prejudice**. The motion is **GRANTED without prejudice** insofar as it pertains to Counts I and VII; Counts I and VII are **DISMISSED without prejudice**. The motion is **DENIED** insofar as it challenges supplemental jurisdiction under 28 U.S.C. § 1367 and is **DENIED as moot** insofar as it

pertains to Counts III, IV, V, and VI, which have already been dismissed, (see Docs. 83 & 85).

2. WPU may file an Amended Counterclaim amending its breach of fiduciary duty claim **on or before Monday July 30, 2012**.

**DONE** and **ORDERED** in Orlando, Florida this 13th day of July, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record