**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES ex rel. CARLO SANTA ANA,**

    **Plaintiff,**

**-vs-**      **Case No. 6:10-cv-806-Orl-28TBS**

**WINTER PARK UROLOGY ASSOCIATES, P.A., RADIATION ONCOLOGY CONSULTANTS, P.A., STEVEN G. LESTER, M.D., JOHN D. LOOPER, M.D., and MANEESH GOSSAIN, M.D.,**

    **Defendants.**

_____

## ORDER

This *qui tam* action under the False Claims Act is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 103) and Relator's Response in Opposition (Doc. 112) thereto. Defendants argue in their motion that this suit is barred by 31 U.S.C. § 3730(e)(4)(A), which precludes suits based upon publicly disclosed allegations or transactions unless the person bringing the suit is an "original source of the information."[1] In contending that Relator's allegations were publicly disclosed, Defendants rely solely on another *qui tam* suit involving similar allegations against different defendants in another city.

The existence of the other suit and Relator's and Defendants' prior knowledge of that

---

[1] This statute was amended in 2010, but differences in the pre- and post-amendment language have no bearing on this Order.

suit is undisputed; indeed, it is noted in the Amended Complaint. However, Defendants' argument that similar allegations against unrelated defendants can constitute "public disclosure" of allegations or transactions within the meaning of § 3730(e)(4)(A) completely lacks merit and is foreclosed by controlling Eleventh Circuit precedent—precedent that Defendants cite in their motion in support of other arguments. See Cooper v. Blue Cross & Blue Shield of Fla., Inc., 19 F.3d 562, 566 (11th Cir. 1994) (finding that publications in which the defendant was "not specifically named or otherwise directly identified are insufficient to trigger the jurisdictional bar" of § 3730(e)(4)(A) and noting that "[r]equiring that allegations specific to a particular defendant be publically disclosed before finding the action potentially barred encourages private citizen involvement and increases the chances that every instance of specific fraud will be revealed").

In light of controlling case law directly contrary to the argument made by the Defendants, the Court finds Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 103) to be frivolous. The Court takes this opportunity to admonish counsel against such conduct in the future. The motion (Doc. 103) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 13th day of February, 2013.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record